# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **IMPLICIT, LLC,** § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **MCAFEE, LLC,** § <br> § <br> *Defendant.* § | **Civil Action No. 2:18-cv-46** <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Implicit, LLC ("Implicit") and files this Original Complaint for Patent Infringement against Defendant McAfee, LLC ("McAfee"), alleging as follows:

### I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II. THE PARTIES

2. Plaintiff **Implicit, LLC** is a Washington limited liability company that maintains its principal place of business in Tyler, Texas.

3. Defendant **McAfee, LLC** is a Delaware limited liability company that does business in Texas, directly or through intermediaries, and maintains a regular and established principal place of business in Plano, Texas.

### III.  JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has general personal jurisdiction over McAfee because McAfee maintains a principal place of business in Plano, Texas.

6. Further, this Court has specific personal jurisdiction over McAfee in this action pursuant to due process and the Texas Long Arm Statute because McAfee, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1400(b) for at least the reasons set forth above and because McAfee maintains a regular and established place of business in this District.

### IV.  BACKGROUND

**A.  The Asserted Patents**

8. This cause of action asserts infringement of United States Patent Nos. 8,694,683 (the "'683 Patent"); 9,270,790 (the "'790 Patent"); and 9,591,104 (the "'104 Patent").

9. A true and correct copy of the '683 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit A.

10. Implicit is the current owner by assignment of all rights, title, and interest in and under the '683 Patent, which duly and legally issued on April 8, 2014.  Implicit has standing to sue for infringement of the '683 Patent.

11. A true and correct copy of the '790 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit B.

12. Implicit is the current owner by assignment of all rights, title, and interest in and under the '790 Patent, which duly and legally issued on February 23, 2016.  Implicit has standing to sue for infringement of the '790 Patent.

13. A true and correct copy of the '104 Patent, entitled "Method and System for Data Demultiplexing," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit C.

14. Implicit is the current owner by assignment of all rights, title, and interest in and under the '104 Patent, which duly and legally issued on March 7, 2017.  Implicit has standing to sue for infringement of the '104 Patent.

**B.     McAfee**

15. McAfee, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or imports into the United States, certain products (the "McAfee Accused Products"), including but not limited to McAfee's security information and event management products that include McAfee Application Data Monitor functionality.

16. By selling and/or offering to sell the McAfee Accused Products, McAfee, directly or through intermediaries, purposefully and voluntarily places the McAfee Accused Products into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District.

## V. NOTICE

17. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

18. At least by filing and serving this Complaint, Implicit has given McAfee written notice of the Asserted Patents and of McAfee's infringement thereof.

## VI. CLAIMS

### A. Infringement of the '683 Patent

19. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against McAfee.

20. The McAfee Accused Products are covered by at least claim 1 of the '683 Patent.

21. McAfee has directly infringed and continues to infringe at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the McAfee Accused Products in the United States, or importing the McAfee Accused Products into the United States.

22. Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively inducing infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(b). Users of the McAfee Accused Products directly infringe at least claim 1 of the '683 Patent when they use the McAfee Accused Products in the ordinary, customary, and intended way. McAfee's inducements include, without limitation and

with specific intent to encourage the infringement, knowingly inducing consumers to use the McAfee Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the McAfee Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that McAfee provides online or with the McAfee Accused Products) how to use the McAfee Accused Products in the ordinary, customary, and intended way, which McAfee knows or should know infringes at least claim 1 of the '683 Patent.

23.  Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively contributing to infringement of at least claim 1 of the '683 Patent in violation of 35 U.S.C. § 271(c).  McAfee installs, configures, and sells the McAfee Accused Products with one or more distinct components, including components that perform application-layer inspection (collectively, the "Accused Components"), each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '683 Patent.  Each Accused Component within the McAfee Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '683 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '683 Patent.  McAfee's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the McAfee Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '683 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

24. As of the filing and service of this Complaint, McAfee's infringement of the '683 Patent has been and continues to be willful and deliberate.

**B.     Infringement of the '790 Patent**

25. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against McAfee.

26. The McAfee Accused Products are covered by at least claim 1 of the '790 Patent.

27. McAfee has directly infringed and continues to infringe at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the McAfee Accused Products in the United States, or importing the McAfee Accused Products into the United States.

28. Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively inducing infringement of at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(b). Users of the McAfee Accused Products directly infringe at least claim 1 of the '790 Patent when they use the McAfee Accused Products in the ordinary, customary, and intended way. McAfee's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the McAfee Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the McAfee Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that McAfee provides online or with the McAfee Accused Products) how to use the McAfee Accused Products in the ordinary, customary, and intended way, which McAfee knows or should know infringes at least claim 1 of the '790 Patent.

29.     Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively contributing to infringement of at least claim 1 of the '790 Patent in violation of 35 U.S.C. § 271(c).  McAfee installs, configures, and sells the McAfee Accused Products with the Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '790 Patent.  Each Accused Component within the McAfee Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '790 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '790 Patent.  McAfee's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the McAfee Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '790 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

30.     As of the filing and service of this Complaint, McAfee's infringement of the '790 Patent has been and continues to be willful and deliberate.

**C.     Infringement of the '104 Patent**

31.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against McAfee.

32.     The McAfee Accused Products are covered by at least claim 1 of the '104 Patent.

33.     McAfee has directly infringed and continues to infringe at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without

Implicit's authority, making, using, selling, or offering to sell the McAfee Accused Products in the United States, or importing the McAfee Accused Products into the United States.

34.     Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively inducing infringement of at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(b).  Users of the McAfee Accused Products directly infringe at least claim 1 of the '104 Patent when they use the McAfee Accused Products in the ordinary, customary, and intended way.  McAfee's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the McAfee Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the McAfee Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that McAfee provides online or with the McAfee Accused Products) how to use the McAfee Accused Products in the ordinary, customary, and intended way, which McAfee knows or should know infringes at least claim 1 of the '104 Patent.

35.     Further and in the alternative, at least since the filing and service of this Complaint, McAfee has been and now is actively contributing to infringement of at least claim 1 of the '104 Patent in violation of 35 U.S.C. § 271(c).  McAfee installs, configures, and sells the McAfee Accused Products with the Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '104 Patent.  Each Accused Component within the McAfee Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '104 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '104 Patent.  McAfee's contributions include, without limitation, making, offering to sell, and/or

selling within the United States, and/or importing into the United States, the McAfee Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '104 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

36. As of the filing and service of this Complaint, McAfee's infringement of the '104 Patent has been and continues to be willful and deliberate.

## VII.  VICARIOUS LIABILITY

37. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

38. In addition to liability for its own independent conduct, McAfee is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## VIII.  DAMAGES

39. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

40. For the above-described infringement, Implicit has been injured and seeks damages to adequately compensate it for McAfee's infringement of the Asserted Patents. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284, together with Implicit's costs and expenses, pre-judgment and post-judgment interest, and supplemental damages for any continuing post-verdict or post-judgment infringement, with an accounting as needed.

41. As set forth above, McAfee's infringement of the Asserted Patents has been and continues to be willful, such that Implicit seeks treble damages under 35 U.S.C. § 284 as appropriate.

42. McAfee's willful infringement of the Asserted Patents renders this case exceptional under 35 U.S.C. § 285, such that Implicit seeks all reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest thereon.

## IX. PRAYER FOR RELIEF

Implicit respectfully requests the following relief:

a. A judgment in favor of Implicit that McAfee has infringed each Asserted Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring McAfee to pay Implicit its damages, costs, expenses, and pre-judgment and post-judgment interest for McAfee's infringement of each Asserted Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. A judgment and order requiring McAfee to pay Implicit enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

d. A judgment and order finding this case exceptional and requiring McAfee to pay Implicit its reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest thereon; and

e. Such other and further relief as the Court deems just and proper.

## X.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Implicit requests a jury trial of all issues triable of right by a jury.

Dated:  February 26, 2018                              Respectfully Submitted,

By:  /s/ William E. Davis, III
Benjamin L. Singer
(*admission application pending*)
bsinger@singerbea.com
Evan N. Budaj
ebudaj@singerbea.com
James Hopenfeld
(*admission application pending*)
jhopenfeld@singerbea.com
**SINGER / BEA LLP**
601 Montgomery Street, Suite 1950
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*